JANVIER, Judge.
Plaintiff, the owner of a piece of improved property on Shirley Drive, an outlying area of the Fifteenth Ward of New Orleans, having, with other property owners, made voluntary contributions to the Sewerage & Water Board of New Orleans in an agreement with the Board that if sufficient contributions were received it would extend its sewer line to the properties in the area in which the contributors were located, and having secured the extension of the said line and having obtained his sewer connection, brought this suit against the *159 said Board in an effort to force the Board to return to him the amount of the contribution which he had made.
From a judgment rejecting his demand the plaintiff has appealed.
The record shows that the Sewerage & Water Board has not sufficient funds to extend sewer lines to all areas of the City and it can extend its lines only as funds are available, and that it has adopted methods by which it will determine what areas are to receive new extensions and has adopted a rule that, in certain areas where the extension is not immediately contemplated if the property owners will make certain contributions voluntarily, it, if it deems it proper, will extend its lines to serve those areas. Its rule requires that if it deems it advisable to make an extension of its sewer lines into any particular area and cannot otherwise do so, it will advise the property owner that it will do so if a certain percentage of the property owners will contribute on a basis of $2 per front foot for improved property and $5 per front foot for unimproved properties. The result is that usually the property owners contribute about twenty per cent of the cost and the Board the remaining eighty per cent.
During the late Fall of 1956 the Board was requested to extend its sewer lines so as to serve the area in which plaintiff’s property is located and it agreed to do so if the necessary percentage of owners would make the voluntary contributions. The Shirley Drive Civic Association apparently undertook to secure the necessary contributions and turned over to the Board its check for $8,887. Whether the plaintiff contributed to this fund is not made certain, but it is shown that, whether his contribution was made at the efforts of this association or directly to the Board, he did, on September 28, 1956, make his voluntary contribution of $114, his property fronting 57 feet on the street and being improved.
In addition to the original amount of $8,887, which the association collected and delivered to the Board, there were later other contributions by property owners whose contributions were not included in the first amount. The necessary line was extended and the property of plaintiff was connected with it. This was completed by January 18, 1957.
Almost one year later, on November 15, 1957, there was filed in the Civil District Court for the Parish of Orleans a suit by Mrs. August V. Bailey against the Sewerage & Water Board in which the plaintiff sought a mandatory injunction to compel the Board to connect, without charge, her property with a line which was located near to her property. This suit had no connection with the present controversy, the property being in an entirely different section of the City. The Board resisted making the connection with Mrs. Bailey’s property because she refused to make the contribution which the Board demanded. It was ultimately held that, since the sewer line was already in the street, the Board had no authority to compel Mrs. Bailey to make any contribution. See State ex rel. Bailey v. Sewerage and Water Board, La.App., 102 So.2d 874.
The contention of plaintiff is that, since the Board could not compel Mrs. Bailey to make a contribution in order to secure her connection with the sewer line, plaintiff here could not have been compelled to make the contribution he did make and therefore should obtain a refund from the Board of the amount of $114 which he voluntarily contributed before the line was extended.
The situation seems to us to be entirely different from that which was presented in the Bailey case. There the line was already extended and all that was held was that since the line was already installed the owners could not be forced to contribute. Here the line was not installed at that time, and, except for the voluntary action of the property owners, it would not have been installed for an indefinite period of time. We know of no reason why such an agreement should not be made.
In his petition and in his testimony plaintiff charges that when he made the volun *160 tary contribution, he was told by the representative of the Sewerage & Water Board that the Bailey case was pending and that if he made the contribution and the Bailey case should be decided adversely to the Board, the Board would make the refund to him. Not only is this denied, but it is obviously untrue since the contribution of plaintiff was made almost one year before Mrs. Bailey filed her suit.
The only question which is presented is whether or not the Sewerage & Water Board may make such an agreement as was made here.
In State ex rel. Holifield v. Sewerage & Water Board of New Orleans, La. App., 108 So.2d 277, 280, we discussed rather thoroughly the financial problems which face the Sewerage & Water Board, and in effect approved the rule of the Board concerning extensions into outlying areas and requiring in such cases contributions from those owning property in those areas. We held that the relator, Mrs. Holifield, could not force the Sewerage & Water Board to extend its line to her property, and, referring to the rule which the Board had adopted requiring a percentage of the property owners to contribute, said:
“That rule was adopted in utter desperation, in an attempt to give as much service as possible to the outlying sections of the city. Defendant will give plaintiff relief if she can secure voluntary contributions of approximately eighty per cent of the property owners intervening between her lots and the nearest sewer main, the same treatment given all property owners in fringe or outlying areas.”
Plaintiff has offered no evidence whatever and has cited no law which would indicate that the Board may not make such a rule. The contribution of plaintiff having been made voluntarily and the extension of the line having been secured as a result of that and other contributions, plaintiff may not secure a refund of the amount voluntarily contributed.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.